IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SHAPAT NABAYA, )
)
    Petitioner, )
v. ) Civil Action No. 3:17CV149–HEH
)
PROBATION DEPT. and )
PATRICIA LOCKET-ROSS, )
)
    Respondent. )

## MEMORANDUM OPINION
(Dismissing Action)

On January 11, 2017, Nabaya was charged in a two-count federal indictment with retaliating against a federal officer by filing false claims (Count One) and filing a false statement in bankruptcy (Count Two). Indictment at 1–6, *United States v. Nabaya*, 3:17CR03 (E.D. Va. filed Jan. 11, 2017). On February 6, 2017, Nabaya was released under supervision pending trial. *See* Order Setting Conditions of Release, *United States v. Nabaya*, 3:17CR03 (E.D. Va. filed Feb. 6, 2017). On February 16, 2017, Nabaya filed the present petition for a writ of habeas corpus under 28 U.S.C. § 2241.[1]

In his § 2241 Petition, Nabaya contends that he is entitled to relief because, *inter alia*, "he was arrested without probable cause," (§ 2241 Pet. 7), "he was denied due process," (*id.* at 8), and he "was denied that right to cross examine his accuser and their evidence,"(*id.*). Nabaya demands "relief from an unconstitutional confinement" and monetary damages. (*Id.* at 8.)

---

[1] The Court corrects the capitalization in the quotations to Nabaya's submissions.

To be eligible for habeas corpus relief under 28 U.S.C. § 2241, a federal pretrial detainee must first exhaust other available remedies. *See, e.g., Jones v. Perkins*, 245 U.S. 390, 391–92 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial."). Thus, "courts routinely dismiss as premature habeas petitions filed during the defendant's criminal trial and raising claims that should be addressed as part of the criminal proceedings." *Elkins v. United States*, No. 7:12CV00058, 2012 WL 1016066, at *1 (W.D. Va. Mar. 23, 2012) (citing *In re Williams*, 306 F. App'x 818, 819 (4th Cir. 2009); *Meyers v. Mukasey*, No. 3:08CV581, 2009 WL 210715, at *1 (E.D. Va. Jan. 28, 2009)). As Nabaya fails to demonstrate that he has exhausted other available judicial remedies, the § 2241 Petition will be dismissed.

An appropriate Order shall accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: March 8, 2017
Richmond, Virginia